Weatherford vs. Shegag et al.

---

## WEATHERFORD vs. SHEGAG ET AL.

1. When an act is directed to be done at a particular term of the court, the session of which is prevented by providential cause, the act may be done at the next ensuing term.
2. Where bail process is sued out, under the act of 1857, it is not necessary that the sum sworn to should be endorsed upon the declaration when filed.

Bail Process, from Chattooga county. Decision by Judge CROOK, at March Term, 1859.

Weatherford sued out bail *process* against Shegag and another, under the provisions of the act of 1857, allowing process alone to issue on the affidavit, and providing for filing the declaration at the term of the court to which the process is returnable. The process was returnable to September Term, 1858, of Chattooga superior court, which term was not held, owing to the prevalence of small pox

Weatherford vs. Shegag et al.

in the vicinity; and the court was adjourned by order of the judge to the next March Term, without his coming to the court.

At March Term, 1859, defendants moved to discharge the bail, on the grounds:

1st. Because, although the sum sworn to was endorsed on the process, it was not endorsed on the petition or declaration; and

2d. Because the petition was not filed until March Term, 1859, of the superior court of said county, although the process was returnable to September Term, 1858.

The court granted the motion on the first ground, but refused it on the second. To which decision plaintiff excepted.

TAYLOR, and WALKER, for plaintiff in error.

DODSON, and GLENN, contra.

By the Court.—LUMPKIN, J., delivering the opinion.

Both parties except in this case. Bail process was sued out by Weatherford, under the act of 1857, (Pamplet Acts, 103;) under the old law the declaration had to be made out and filed in the clerk's office before bail process could issue.—Cobb, 477. But the act of 1857 makes it lawful and sufficient to serve the defendant with a process and copy of the affidavit, as in cases of bail pending the action. And at the term to which said process is returnable, the plaintiff is required to file his declaration; and the subsequent proceedings shall be as in other cases of bail.

Two questions were decided by the court:

First. That in as much as the court did not meet at the term to which the process was returnable, owing to the existence of a contagious disease, that the next term en-

suing was the appearance term, at which the plaintiff was allowed to file his writ; and we affirm this ruling, which disposes of Shegag's exception.

The court secondly held, that the amount sworn to should not only be endorsed on the process, but also upon the petition when filed. The statute does not require this to be done; neither does the act regulating bail, *pendente lite*, to which this is assimilated.—Cobb, 479. There is no reason why it should be done.

We are compelled, therefore, to reverse the court upon this ground.

Judgment reversed.